1  TY S. VANDERFORD (SBN 130492)
2  tvanderford@vrlawyers.com
   RODOLFO F. RUIZ (SBN 163877)
3  rruiz@vrlawyers.com
4  KRISTINA R. SHERRY (SBN 294975)
   ksherry@vrlawyers.com
5  VANDERFORD & RUIZ, LLP
6  221 E. Walnut Street, Suite 106
   Pasadena, CA  91101-1554
7  Telephone:  626-405-8800
8  Facsimile:  626-405-8868

9  Attorneys for Defendant LOS ANGELES
10 WORLD AIRPORTS

11              **UNITED STATES DISTRICT COURT**

12      **CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

13

14 SAIF KHORSHED,                      Case No. CV14-2655 MRW

15              Plaintiff,             **DEFENDANT LOS ANGELES**
                                       **WORLD AIRPORTS' NOTICE OF**
16        v.                           **MOTION AND MOTION TO**
                                       **DISMISS PLAINTIFF SAIF**
17                                     **KHORSHED'S SECOND AMENDED**
   1. LAWA EXECUTIVE               **COMPLAINT; MEMORANDUM OF**
18 DIRECTOR GINA MARIE             **POINTS AND AUTHORITIES IN**
   LINDSEY                         **SUPPORT THEREOF**
19
20 2. RODOLFO F. RUIZ                 [Federal Rule of Civil Procedure
                                      12(b)(6)]
21
22 SPECIFIC DEFENDANTS THAT           [*Filed concurrently with Request for*
   ARE INVOLVED IN THE               *Judicial Notice;[Proposed] Order*]
23 FEDERAL LAW VIOATIONS,
                                      Date:      December 10, 2014
24              Defendants.           Time:      9:30 a.m.
25                                    Crtr:      H
26
27                                    Action Filed:     April 8, 2014
28

FAC Filed:      July 1, 2014
SAC Filed:      October 27, 2014

**TO PLAINTIFF SAIF KHORSHED *IN PROPRIA PERSONA*:**

PLEASE TAKE NOTICE that on December 10, 2014, at 9:30 a.m., or as soon thereafter as this matter can be heard in Courtroom H of the above-captioned Court, located at 312 North Spring Street, Los Angeles, California 90012, Defendant Los Angeles World Airports ("LAWA") will and hereby does move the Court to dismiss Plaintiff Saif Khorshed's Second Amended Complaint ("SAC").

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) and applicable case law, because Plaintiff previously asserted virtually identical claims in California State Court, resulting in a judgment against Plaintiff on the merits.  Plaintiff is thus barred from bringing the same claims in a new venue, pursuant to the doctrine of *res judicata*.  Additionally, the SAC fails to state a claim upon which relief can be granted.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, all papers and pleadings on file in this matter, and any evidence and argument the Court may require or allow before the hearing on this matter.

Dated:  November 12, 2014          **VANDERFORD & RUIZ, LLP**

                                   By:      */s/ Kristina R. Sherry*
                                            Ty S. Vanderford
                                            Rodolfo F. Ruiz
                                            Kristina R. Sherry
                                            Attorneys for Defendant LOS ANGELES
                                            WORLD AIRPORTS

- ii -

# **TABLE OF CONTENTS**

I.   INTRODUCTION .................................................................................1

II.  STANDARD FOR MOTION TO DISMISS ...................................2

     A.   12(b)(6) Standard ...........................................................2

     B.   Rule 8(a)(2) Standard.......................................................2

     C.   Rule 9(b) Standard .........................................................3

     D.   Res Judicata May Be Raised as an Affirmative Defense in a
          Motion to Dismiss Under Rule 12(b)(6)...............................3

III. STATEMENT OF FACTS...............................................................4

     A.   DISMISSAL OF PLAINTIFF'S STATE ACTION
          AND APPEAL .........................................................4

     B.   PLAINTIFF'S NUMEROUS FEDERAL PLEADINGS TO
          DATE ..........................................................................5

          1.  Plaintiff's Original Complaint and Leave to Amend.....................5

          2.  Dismissal of Plaintiff's FAC And This Court's  Explicit
              Instructions Regarding Further Amended Pleadings.....................5

          3.  Plaintiff's SAC Fails to Comply With This Court's Order ...........7

          4.  Plaintiff's Related Federal Case ...................................7

          5.  Persons Implicated in Plaintiff's Conspiracy Theory.................7

          6.  "Adverse Employment Actions" Alleged Repeatedly...................8

IV.  PLAINTIFF'S CAUSES OF ACTION ARE BARRED
     UNDER THE DOCTRINE OF RES JUDICATA BECAUSE
     THEY WERE OR COULD HAVE BEEN BROUGHT IN
     PLAINTIFF'S EARLIER STATE COURT ACTION,
     WHICH WAS DISMISSED .......................................................10

     A.   FEDERAL COURTS APPLY CALIFORNIA LAW
          IN DETERMINING THE PRECLUSIVE EFFECT OF A
          STATE COURT JUDGEMNT .......................................10

     B.   PLAINTIFF'S SAC INVOKES THE SAME "PRIMARY
          RIGHTS" AS HIS STATE ACTION AND HIS CLAIMS
          COULD HAVE BEEN BROUGHT IN HIS STATE COURT
          ACTION.................................................................13

- iii -

V.    THE SAC SHOULD BE DISMISSED UNDER FEDERAL
      RULE OF CIVIL PROCEDURE 12(B)(6) BECAUSE IT
      FAILS TO STATE A CLAIM UPON WHICH RELIEF
      CAN BE GRANTED ....................................................................................14

      A.    PLAINTIFF'S UNENUMARATED CLAIMS OF
            FRAUD AND CONSPIRACY BETWEEN AND/OR
            AMONG LAWA, ATTORNEYS, AND OTHER ALLEGED
            CONSPIRATORS MUST FAIL BECAUSE PLAINTIFF
            DOES NOT PLEAD FACTS WITH SUFFICIENT
            PARTICULARITY .......................................................................14

      B.    PLAINTIFF FAILS TO STATE SUFFICIENT FACTS
            TO SUPPORT HIS FIRST CAUSE OF ACTION AGAINST
            LAWA FOR VIOLATION OF 18 U.S.C. § 245(b)(5) .....................16

      C.    PLAINTIFF FAILS TO STATE SUFFICIENT FACTS
            TO SUPPORT HIS SECOND, THIRD, AND FIFTH CAUSES
            OF ACTION AGAINST LAWA FOR VIOLATIONS OF THE
            AMERICANS WITH DISABILITIES ACT .....................................16

      D.    PLAINTIFF FAILS TO STATE SUFFICIENT FACTS
            TO SUPPORT HIS FOURTH CAUSE OF ACTION AGAINST
            LAWA UNDER THE FAIR LABOR STANDARDS ACT ..............17

      E.    PLAINTIFF FAILS TO STATE SUFFICIENT FACTS
            TO SUPPORT HIS SIXTH CAUSE OF ACTION AGAINST
            LAWA FOR VIOLATING THE UNITED STATES
            CONSTITUTION AND A "HUMAN RIGHTS RULING" .............18

VI.   PLAINTIFF VIOLATED SEVERAL COURT ADMONITIONS..............19

VII.  CONCLUSION .........................................................................................20

- iv -

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Acuna v. Regents of Univ. of Cal.*
  56 Cal. App. 4th 639 (1997)................................................................11

*Allen v. City of Beverly Hills*
  911 F.2d 367, 373 (9th Cir. 1990).........................................................3

*Ashcroft v. Iqbal*
  556 U.S. 662, 663 (2009) ......................................................................2

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544, 570 (2007) ...................................................................2-3

*City of Martinez v. Texaco Trading & Transp., Inc.*
  353 F.3d 758, 762 (9th Cir. 2003)...................................................11, 12

*Erickson v. Pardus*
  551 U.S. 89, 94 (2007) ........................................................................18

*Groten v. California*
  251 F.3d 844, 851 (9th Cir. 2001)....................................................2, 17

*Guerrero v. Gates*
  357 F.3d 911, 916 (9th Cir. 2004).........................................................2

*Hayduk v. Lanna*
  775 F.2d 441, 444 (1st Cir. 1985) .......................................................15

*Hill v. Opus Corp.*
  841 F.Supp.2d 1070, 1088 (C.D. Cal. 2011) .......................................15

*Holcombe v. Hosmer*
  477 F.3d 1094, 1096-97 (9th Cir. 2007) ................................................4

*Kendall v. Visa U.S.A.*
  518 F.3d 1042, 1051 (9th Cir. 2008).....................................................3

*Kennedy v. Applause, Inc.*
  90 F.3d 1477, 1481 (9th Cir. 1996)......................................................16

*Maldonado v. Harris*
   370 F.3d 945, 952 (9th Cir. 2004)..................................................................11

*Manufactured Home Cmtys. Inc. v. City of San Jose ("MHC")*
   420 F.3d 1022, 1031 (9th Cir. 2005)..............................................................10

*McLaughlin v. Richland Shoe Co.*
   486 U.S. 128, 133, 108 S. Ct. 1677, 1681, 100 L. Ed. 2d 115 (1988)................17

*Miller v. Rykoff-Sexton, Inc.*
   845 F.2d 209, 214 (9th Cir. 1988)....................................................................3

*Moore v. Kayport Package Exp., Inc.*
   885 F.2d 531, 540 (9th Cir. 1989)...................................................................15

*Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888 (2002) ...................................12-13

*Neilson v. Union Bank of Cal., N.A.*
   290 F. Supp. 2d 1101, 1111 (C.D. Cal. 2003) ..................................................2

*Palomar Mobilehome Park Ass'n v. San Marcos*
   989 F.2d 362, 363 (9th Cir. Cal. 1993) .....................................................10, 12

*Papasan v. Attain*
   478 U.S. 265, 286 (1986) ................................................................................3

*Pena v. Gardner*
   976 F.2d 469, 471 (9th Cir. 1992)...................................................................18

*San Remo Hotel, L.P. v. City and Cnty. of San Francisco*
   545 U.S. 323, 336 (2005) ..............................................................................10

*Scott v. Kuhlmann*
   746 F.2d 1377, 1378 (9th Cir. 1984)................................................................4

*Semegen v. Weidner*
   780 F2d 727, 731 (9th Cir. 1985)....................................................................3

*Thomas v. Hous. Auth. of L.A.*
   2005 U.S. Dist. LEXIS 46427 (C.D. Cal. June 2, 2005) ...................................12

*Trujillo v. County of Santa Clara*
   775 F.2d 1359, 1366 (9th Cir. 1985)................................................................11

*Vess v. Ciba-Geigy Corp. USA*
   317 F.3d 1097, 1103-04 (9th Cir. 2003) ............................................................. 3, 15

*Warga v. Cooper*
   44 Cal.App.4th 371, 377 (1996) ........................................................................ 12

*Wenger v. Lumisys*, Inc.
   2 F Supp.2d 1231, 1239 (N.D. Cal. 1998) ............................................................ 3

**Statutes**

18 U.S.C. § 241 .................................................................................................. 6

28 U.S.C. § 1738 .............................................................................................. 10

44 Cal.App.4th 371, 377 (1996) ........................................................................ 12

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 2

Fed. R. Civ. P. 8(a)(2) ........................................................................................ 2

Fed. R. Civ. P. 9(b) ............................................................................................ 3

U.S.C. § 207(a)(1) ............................................................................................ 17

U.S.C. § 255(a) ................................................................................................ 17

- vii -

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

In May 2012, Plaintiff sued Los Angeles World Airports ("LAWA") in the Los Angeles Superior Court ("State Action") alleging retaliation.  Plaintiff lost.[1] Plaintiff's instant Second Amended Complaint ("SAC") is an attempt to re-plead his State Action in Federal District Court, as well as re-plead allegations appearing in Plaintiff's earlier pleadings dismissed by this Court.[2]   Thus, Plaintiff's SAC should be dismissed pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), because the SAC **(1)** pleads claims that were adjudicated in State Court and are thus

---

[1] Plaintiff sued LAWA in the Los Angeles Superior Court alleging, *inter alia*, discrimination and retaliation. (*See* State Summons and Compl. filed by Pl. Saif Khorshed ("State Compl."), attached as **Ex. A** to the concurrently filed Req. for Judicial Notice.) The Superior Court granted LAWA's dispositive Motion for Summary Adjudication against Plaintiff on August 21, 2013, which ended his case. (*See* LAWA's Mot. for Summ. Adjudication ("LAWA's MSA"); Order Granting Def. Los Angeles World Airports' Mot. for Summ. Adjudication ("Order Granting LAWA's MSA") and Am. Order Granting Def. Los Angeles World Airports' Mot. for Summ. Adjudication ("Amended Order Granting LAWA's MSA"), attached as **Exs. B, C and D** to the concurrently filed Req. for Judicial Notice.)  The California Court of Appeals dismissed Plaintiff's appeal of that case.  (*See* Order Dismissing Pl. and Appellant's Appeal (Order Dismissing Pl.'s Appeal.), attached as **Ex. E** to the concurrently filed Req. for Judicial Notice.)  *See also* **Part III.A.**

[2] Plaintiff's original Complaint named as Defendants Gina Marie Lindsey, Executive Director of Los Angeles International Airport, and Rodolfo F. Ruiz, opposing counsel in Plaintiff's State Action; the Court dismissed this.  (*See* Pl.'s Compl. Against Gina Marie Lindsey and Rodolfo F. Ruiz ("Complaint") and Order Granting Defs. Gina Marie Lindsey and Rodolfo F. Ruiz's Mot. to Dismiss ("June 3, 2014 Order"), attached as **Exs. F** and **G** to the concurrently filed Req. for Judicial Notice.)  Plaintiff next filed a First Amended Complaint ("FAC"), which merely added LAWA as a Defendant.  (*See* Pl.'s FAC, attached as **Ex. H** to the concurrently filed Req. for Judicial Notice.)  The Court dismissed Plaintiff's FAC. (*See* Order Granting Defs. LAWA et al. Mot. to Dismiss ("August 28, 2014 Order"), attached as **Ex. I** to the concurrently filed Req. for Judicial Notice.)  *See also* **Part III.B.**

barred under the doctrine of *res judicata*; and/or **(2)** fails to state a claim against LAWA.

## II.   STANDARD FOR MOTION TO DISMISS

### A.   12(B)(6) Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of the claims asserted in the complaint." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1111 (C.D. Cal. 2003). A defendant may move to dismiss a cause of action if a plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Such a dismissal will be granted when the plaintiff can allege no set of facts supporting relief. *See Guerrero v. Gates*, 357 F.3d 911, 916 (9th Cir. 2004). Although "detailed factual allegations" are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A complaint must allege sufficient facts to make a "claim to relief . . . <u>plausible</u> on its face." *Id.* (emphasis added). This plausibility standard asks for more than mere possibility; if a complaint pleads facts "merely consistent with" a theory of liability, it falls short of the "line between possibility and plausibility." *Id.* (quoting *Twombly*, 550 U.S. at 557). A motion to dismiss will also be granted where an affirmative defense or other bar to relief is apparent from the facts alleged in the complaint. *See Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001).

### B.   Rule 8(a)(2) Standard

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-

- 2 -

unlawfully-harmed-me accusation. *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

### C.   Rule 9(b) Standard

Moreover, allegations of fraud and mistake in a complaint must be stated with particularity. Fed. R. Civ. P. 9(b).  In this context, "particularity" means a plaintiff's allegations must be specific enough to give the defendant notice of the particular misconduct alleged so that the defendant can defend against the charge and not just deny that it has done anything wrong. *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985); *Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1239 (N.D. Cal. 1998).  *See also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) ("In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).")

When a motion to dismiss is sustained, the court has determined the complaint states facts insufficient to give rise to one or more enforceable legal rights. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  When a complaint is sustained with leave to amend, the court has found a reasonable possibility the defect can be cured by amendment. *Id.*  Conversely, the court may sustain a motion to dismiss without leave to amend if such an amendment would be futile, and no set of facts can be proven under the amendment which would constitute a valid and sufficient claim. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008); *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

### D.   Res Judicata May Be Raised as an Affirmative Defense in a Motion to Dismiss Under Rule 12(b)(6)

A defendant may raise the affirmative defense of *res judicata* by motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See, e.g. Holcombe v. Hosmer*, 477 F.3d 1094, 1096-97 (9th Cir. 2007); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (*per curiam*) ("Ordinarily affirmative defenses may not be raised by motion to dismiss . . . but this is not true when, as here, the defense raises no issues of disputed fact").

### III.   STATEMENT OF FACTS

####    A.   DISMISSAL OF PLAINTIFF'S STATE ACTION AND APPEAL

Plaintiff filed his State Complaint on May 7, 2012, in the Los Angeles County Superior Court, Case Number BC 484101, *Saif Khorshed vs. Los Angeles World Airports*.  (*See* State Compl.)  Plaintiff asserted in the State Complaint that LAWA engaged in a <u>pattern of retaliation in response to Plaintiff submitting a declaration in support of a co-employee who was also suing LAWA</u>.  (State Compl. ¶ 8; *see also* LAWA's MSA.)   The alleged adverse employment actions in Plaintiff's State Action included, but were not limited to, prohibiting Plaintiff  from going to the Central Utility Plant ("CUP") while on medical leave in March 2011 (State Compl. at 3:20-25); denying him access to his work computer (State Compl. at 3:26); denying him access to his former workplace (*Id.*); ignoring his request for certain documents (State Compl. at 4:6-7); wrongly changing his job duties (State Compl. at 4:16-25); reducing his pay rate by 5.5% (State Compl. at 4:25-26); and denying payment to Plaintiff's physician (State Compl. at 4:1-3).  Plaintiff alleged that because of LAWA's conduct, <u>he suffered physical and emotional injuries, as well as lost income</u>.  (State Compl. ¶¶ 14-16.)

On April 26, 2014, LAWA moved for Summary Adjudication as to Plaintiff's remaining claim for retaliation.  (*See* LAWA's MSA.)  <u>LAWA put forth evidence establishing LAWA's legitimate, non-retaliatory reasons for each of the adverse employment actions alleged by Plaintiff</u>.  On August 21, 2013, <u>the Los Angeles Superior Court granted LAWA's Motion because Plaintiff failed to present</u>

- 4 -

1   sufficient evidence that the legitimate reasons LAWA provided for its actions were
2   pretextual or untrue.  (*See* Order Granting LAWA's MSA at 2:6-8.)  An amended
3   order was entered against Plaintiff in the Los Angeles Superior Court on December
4   20, 2013.  (*See* Am. Order Granting LAWA's MSA at 2:1-2.)   Finally, the
5   California Court of Appeal dismissed Plaintiff's appeal of the Judgment entered
6   against him in the state court action.  (*See* Order Dismissing Pl.'s Appeal.)

### B.   PLAINTIFF'S NUMEROUS FEDERAL PLEADINGS TO DATE

#### 1. Plaintiff's Original Complaint and Leave to Amend

9       Taking his grievances to Federal court, Plaintiff filed his original Complaint
10  in this Court on April 8, 2014.  (*See* Complaint.)  This original Complaint asserted
11  approximately six causes of action: (1) violations of the Civil Rights Act of 1964,
12  42 U.S.C. §§ 1331, 1337, 1343, and 2401; (2) violations of the Americans with
13  Disabilities Act; (3) violations of the Family Medical Leave Act; (4) violations of
14  "Federal Labor Code § 553"; (5) violations of 18 U.S.C. § 245; and (6) contempt of
15  court, obstruction of justice, and perjury.  (Complaint ¶¶ 69-130.)  Defendants filed
16  a Motion to Dismiss Plaintiff's Complaint for failure to state a claim.  The Court
17  granted Defendants' Motion without oral argument, giving Plaintiff leave to amend,
18  but with admonitions.  (*See* June 3, 2014 Order at 5:12-20 (stating, *inter alia*, "If
19  Plaintiff elects to file a First Amended Complaint it must . . . be complete in and of
20  itself without reference to the original complaint or any other pleading, attachment,
21  or document.").)

#### 2. Dismissal of Plaintiff's FAC And This Court's Explicit Instructions Regarding Further Amended Pleadings

24      On July 1, 2014, Plaintiff filed his FAC, which added LAWA as a defendant
25  but otherwise resembled his original Complaint.  The FAC caption read as follows:

26          1- Disability Harassment in Violation of the Americans with
27      Disabilities Act of 1990 (as amended) ("ADAAA") (42 U.S.C.
        §12112(a)); 2. Disability Discrimination and Failure to Accommodate
28

- 5 -

Disability in Violation of the ADAAA (42 U.S.C. 12112(b)(5)(A)); 3. Retaliation in Violation of the ADAAA (42 U.S.C. §12203(a)(b)); 4. Retaliatory Reprimand in violation of VII of the Civil Rights Act of 1964 (42 U.S.C. SEC 2000e-3); 5. Federally Protected Activities (18 U.S.C. §245(b)(5)); 6. Conspiracy Against Civil Rights title (18 U.S.C. § 241); 7. Fair Labor Standards Act 29 CFR § 778.415 and § 207; 8. Crimes Against Justice: - Tampering with a Witness, Victim, or an Informant (18 U.S.C. §1512(b)(1) and (2)(A)(B); - Obstruction of Proceedings before Departments, Agencies, and Committees (18 U.S.C. §1505); - Retaliating against a Witness, Victim, or an Informant (18 U.S.C. §1513(b)(1)); - Frauds and Swindles (18 U.S.C. §1341); 9- Action for Neglect to Prevent Interference with Civil Rights (42 U.S.C. §1986) [sic]

(*See* FAC) (underlining in original).   Thus, Plaintiff invoked the same statutes against Defendants as in his original Complaint, adding a conspiracy statute (18 U.S.C. § 241) and substituting FLSA statutes for his earlier FMLA claim.[3]

The Court dismissed Plaintiff's FAC against the individual defendants without further leave to amend, and granted Plaintiff <u>one final attempt</u> to plead a legally cognizable claim against LAWA.  (*See* August 28, 2014 Order at Part 1, 2:7.)  The Order stated:

If Plaintiff wishes to file a [SAC], Plaintiff will adhere to a <u>15-page limit</u> in order to comply with Rule 8.  The Court will closely scrutinize any claim that appears to relate to the time period and issues covered by the state action.  Plaintiff is advised to <u>be judicious and selective in determining the legal theory</u> he wishes to pursue in pleading a claim against the employer.  Plaintiff's [SAC] will be due by or before September 29 [2014]

(August 28, 2014 Order at 2:8-15) (emphases added).

---

[3] Defense counsel filed two separate Motions to Dismiss Plaintiff's FAC on behalf of (1) LAWA and (2) Gina Marie Lindsey and Rodolfo F. Ruiz.  Now, because Plaintiff's SAC fails to cure any of the substantive pleading defects previously identified by this Court, LAWA asserts many of its same arguments here.

Plaintiff filed his SAC on October 27, 2014, pursuant to the Court's granting of his request for extension.  (*See* Court Order Re Pl.'s Extension Request, attached as **Ex. J** to the concurrently filed Req. for Judicial Notice.)

### 3.  Plaintiff's SAC Fails to Comply With This Court's Order

Plaintiff's 25-page SAC exceeds the page limit imposed by this Court and fails to succinctly state facts or any cogent legal theory against LAWA.  In fact, Plaintiff now cites the entire U.S. Constitution as a basis for his sixth case of action.  (SAC at 23:22-24:9.)  Otherwise, Plaintiff's legal theories remain unchanged from earlier pleadings and continue to reference criminal or otherwise inapplicable statutes.  (*See, e.g.*, SAC at 5:1-2; 21:18.)

### 4.  Plaintiff's Related Federal Case

Plaintiff is also suing Paula Adams, LAWA Human Resources Director, and Joseph Avrahamy, Plaintiff's State Action attorney, in a similar Federal District Court action.  (*See* Pl.'s Compl. in *Saif Khorshed v. 1. LAWA Director of Human Resources Paula Adams, an Individual; 2. Josephy Y Avrahamy, Attorney at Law, an Individual; and Does 1 through 10, Inclusive*, Case No. CV14-3435-GW-JPRx, ("Second Federal Complaint"), filed on May 2, 2014, attached as **Ex. K** to the concurrently filed Req. for Judicial Notice.)  Pursuant to Local Rule 83-1.3, Ms. Adams filed a Notice of Related Cases.  (*See* Defs.' Notice of Related Cases, attached as **Ex. L** to the concurrently filed Req. for Judicial Notice.)  Although Plaintiff previously tried adding LAWA as a defendant to this parallel Federal action, Plaintiff's most recent amendment to his Second Federal Complaint omits LAWA as a defendant.

### 5.  Persons Implicated in Plaintiff's Conspiracy Theory

Plaintiff makes references in his SAC to wrongdoers such as "the perpetrators" (SAC at 9:25-27), "the legal firm" (SAC at 9:14), "the legal team" (SAC at 12:22), "the defense team," (SAC at 13:10), "the conspired lawyers" (SAC at 13:27) and a "Union 501 representative" (SAC at 14:5-6), without identifying

- 7 -

who those individuals or entities are.  Like Plaintiff's earlier pleadings, the SAC is premised on an alleged conspiracy involving LAWA and non-LAWA entities.  For example, Plaintiff lists "LAWA and non-LAWA personnel prospective witnesses such as Ms. Janet Hakney, Mr. Bobby Johnson, Ms. Veronica Rivera, Mr. Brian Pendleton, Ms. Adrianna Cuevas, Mr. Jorge Ruiz and others" (emphasis added).  (SAC at 5:21-24.)   In other instances, Plaintiff names LAWA and non-LAWA actors simultaneously, as in his statements regarding "LAWA and the legal team . . . inflicting, escalating punishment on the plaintiff…" (SAC at 12:22-23) and "the torture that the perpetrators and LAWA inflicted on me without mercy.  And my right for a fair trial [sic]" (SAC at 5:10-11) (emphases added).[4]  Plaintiff's SAC remains hopelessly ambiguous as to which factual allegations refer to LAWA.

### 6. "Adverse Employment Actions" Alleged Repeatedly

Plaintiff's SAC broadly alleges "illegal revenge," "retaliatory acts" and "adverse employment actions" in connection with Plaintiff's activity as a witness.  Numerous statements throughout Plaintiff's SAC suggest all of his instant claims are based on the same alleged retaliation that was the basis for his State Action, including the following:

- "the factual merit [of the SAC] is exactly the same [as Plaintiff's earlier pleadings].  (SAC at 3:26-27.)

- "LAWA inflicted intentional damages on the victims who either participated in protected activity or perceived EEOC activity." (SAC at 6:27-28.)

- "While the plaintiff was investigating the right violation grievance, the employer started to harass him by rejecting plaintiff's legal and

---

[4]  Plaintiff additionally invokes conspiracy where he states "LAWA induced, authorized or financed the following retaliatory actions [followed by a list of allegations]" (SAC at 13:6-7) (emphasis added).

- 8 -

logic request for equal pay and to fill the vacancies in the power plant [sic]."  (SAC at 8:15-17.)

- "The fact is LAWA started to take <u>illegal</u> revenge from the plaintiff in a very ugly frequent and intentional way.  The discriminatory harassment and the retaliation deterred the other employees from participating in any protected activity [sic]."  (SAC at 9:2-5.)

- "After 28 years of productive clean work history, participating in protected activity and perceived EEOC activity cannot convert or change the reality."  (SAC at 9:21-22.)

- "LAWA's changes to the terms and conditions of my employment are retaliatory and discriminatory actions."  (SAC at 11:7-8.)

- "The adverse employment actions were directly related to the retaliation…."  (SAC at 13:3-4.)

- "However, LAWA violated the plaintiff's Civil Rights by imposing retaliatory reprimand…."  (SAC at 13:19-20.)

- "LAWA violated the Federal Provision to coerce/ intimidate each and all LAWA's employees from participating in protected activity or perceive EEO activity [sic]."  (SAC at 21:19-21.)

- "All the witnesses including plaintiff are suffering from ugly discriminatory harassment of defendant LAWA for participating in protected activity [sic]."  (SAC at 24:19-21.)

Further, Plaintiff raised most, if not all, of his alleged "adverse employment actions" in his adjudicated State Action.   For example, Plaintiff's pleadings repeatedly allege one or more conspirators: (1) "[broke] into [P]laintiff's office on February 2012…[and i]llegally seized [P]laintiff's assigned computer (SAC ¶ 17(a)-(b); *see* State Compl. at 3:25-28); (2) denied Plaintiff access to internal investigation documents (SAC at 11:11; *see* State Compl. at 4:4-9); (3) "[i]llegally seized Plaintiff's assigned car" (SAC ¶ 14(c)); (4) removed Plaintiff as Senior

- 9 -

Manager over the Central Utility Plant at LAX Airport (*see, e.g.*, SAC at 11:5-11; 12:27-13:2; *see* State Compl. at 4:16-25); (5) allegedly violated Plaintiff's right for equal wage (SAC at 11:9; *see* State Compl. ¶ 18); (6) allegedly reduced Plaintiff's wage (*see, e.g.*, SAC at 11:9-11; *see* State Compl. at 4:25-26); (7) intimidated and coerced persons to commit perjury and provide false confessions (*see, e.g.*, SAC ¶ 28; *see* State Compl. at 4:9-12); (8) purportedly rejected Plaintiff's injured on duty ("IOD") (SAC at 11:1-4; 18:26-27; *see* State Compl. at 5:1-4); and (9) the "defense team" interfered with Skelly (*See, e.g.*, SAC at 13:14).[5]

## IV.  PLAINTIFF'S CAUSES OF ACTION ARE BARRED UNDER THE DOCTRINE OF *RES JUDICATA* BECAUSE THEY WERE OR COULD HAVE BEEN BROUGHT IN PLAINTIFF'S EARLIER STATE COURT ACTION, WHICH WAS DISMISSED

### A.  FEDERAL COURTS APPLY CALIFORNIA LAW IN DETERMINING THE PRECLUSIVE EFFECT OF A STATE COURT JUDGEMNT

Federal courts must afford full faith and credit to state court judgments.  28 U.S.C. § 1738; *San Remo Hotel, L.P. v. City and Cnty. of San Francisco*, 545 U.S. 323, 336 (2005).  By extension, federal courts look to state law to determine the preclusive effect of a state court judgment.  *See, e.g.*, *Palomar Mobilehome Park Ass'n v. San Marcos*, 989 F.2d 362, 363 (9th Cir. Cal. 1993) (applying California law in holding that plaintiff's federal constitutional issues had been fully litigated in prior state court proceedings); *see also Manufactured Home Cmtys. Inc. v. City of San Jose ("MHC")*, 420 F.3d 1022, 1031 (9th Cir. 2005) (holding that plaintiff's claims all related to a single city ordinance and the city's application of that ordinance to plaintiff's petition for a rent increase); *Maldonado v. Harris*, 370 F.3d

---

[5] The SAC repeatedly alleges "thirty-four adverse employment actions."  (*See, e.g.*, SAC at 9:24-25; 12:2-3.)   But the SAC provides no numbering, and defense counsel is unable to construe this many alleged adverse employment actions from the face of the SAC, especially given the convoluted nature and repetitiveness of the SAC's factual allegations.

- 10 -

945, 952 (9th Cir. 2004) (discussing claim preclusion in the context of California common law and the California Code of Civil Procedure compulsory cross-complaint rule). Thus, in ruling on the present motion to dismiss, the Court should apply the California standard for the doctrine of *res judicata*.

### 1.   California's *res judicata* doctrine is based on a "primary rights" theory.

California law holds that a final judgment of a state court "precludes further proceedings if they are based on the same cause of action." *Maldonado v. Harris*, 370 F.3d 945, 952 (9th Cir. 2004). More specifically, California's *res judicata* standard precludes a plaintiff from litigating a claim if: (1) the claim relates to the same "primary right" as a claim in a prior action; (2) the prior judgment was final and on the merits; and (3) the plaintiff was a party or in privity with a party to the prior action. *See, e.g.*, *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003) (citations omitted)*; Trujillo v. County of Santa Clara,* 775 F.2d 1359, 1366 (9th Cir. 1985) (citations omitted). Claims are "identical" if they involve the same "primary right." *Acuna v. Regents of Univ. of Cal.*, 56 Cal. App. 4th 639 (1997).[6]

California courts offer further explanation for the meaning of "primary rights," including the following by the California Supreme Court:

> As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered. It must therefore be distinguished from the <u>legal theory</u> on which liability for that injury is premised: "Even where there are multiple legal theories upon which recovery

---

[6] There is no dispute that the second and third elements of this test are met in the case at bar. The Los Angeles Superior Court granted LAWA's dispositive Motion for Summary Adjudication against Plaintiff on August 21, 2013, which ended his case; and the California Court of Appeals dismissed Plaintiff's appeal. (*See* Order Granting LAWA's MSA; Am. Order Granting LAWA's MSA; and Order Dismissing Appeal.) LAWA was the named defendant in the State Action, making the parties identical. (*See* State Compl.) Thus, both the second and third elements are satisfied.

- 11 -

might be predicated, one injury gives rise to only one claim for relief." The primary right must also be distinguished from the *remedy* sought: "The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other."

*Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888 (2002) (citations omitted).

The plaintiff's <u>injury</u>, and not his or her <u>theory of recovery</u>, is the essence of a "primary right." *See, e.g.*, *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003) (stating that "to determine if the issues in both actions involve the same primary right, we look to the rights sought to be vindicated and, specifically, to the claimed harm. The fact that various theories of recovery are asserted and various remedies are requested does not necessarily create different primary rights").

### 2.     Claims that "could have been brought" are likewise barred.

A litigant cannot avoid the preclusive effect of res judicata by failing explicitly to plead federal constitutional violations in a prior state action. While every litigant deserves his or her day in court, few deserve two. Thus, Palomar's [plaintiff's] failure specifically to plead federal constitutional violations in the state court complaint does not affect the application of res judicata to this case.

*Palomar Mobilehome Park Ass'n v. San Marcos*, 989 F.2d 362, 363 (9th Cir. 1993) (citations omitted).  "It is well settled that *res judicata* bars subsequent actions on all grounds for recovery that could have been asserted, whether they were or not." *Id.* at 365 (9th Cir. 1993).  *See also Warga v. Cooper* 44 Cal.App.4th 371, 377 (1996) (holding the *res judicata* scope of a prior judgment includes not only issues "actually raised by proper pleadings and treated as an issue in the cause," but also matters that *could have been raised*, but were not expressly pleaded or argued). "The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions."  *Id.* at 378.  *See also Thomas v. Hous. Auth. of L.A.*, 2005 U.S. Dist. LEXIS 46427 (C.D. Cal. June 2, 2005) at 31-

- 12 -

32 (applying this precedent in a discrimination and failure to accommodate in an unlawful detainer action).

**B.**    **PLAINTIFF'S SAC INVOKES THE SAME "PRIMARY RIGHTS" AS HIS STATE ACTION AND HIS CLAIMS COULD HAVE BEEN BROUGHT IN HIS STATE COURT ACTION.**

Plaintiff effectively concedes his SAC is identical to his State Action by attributing the "adverse employment actions" alleged throughout the SAC to his activity as a witness.  (*See, e.g.*, SAC at 3:26-27; 6:27-28; 8:15-17; 9:2-5; 9:21-22; 11:7-8; 13:3-4; 13:19-20; 21:19-21; 24:19-21; *see also* **Part III.B.5.**)  This mirrors Plaintiff's State Action, which alleged: "As a result of assisting Mr. Ndjongo [another LAWA employee] and submitting a declaration in the case of Jean Ndjongo v. LAWA, Plaintiff experienced retaliatory acts by LAWA." (emphasis added).  (*See* State Compl., ¶ 9.)

In *Mycogen Corp. v. Monsanto Co.*, the California Supreme Court elucidated "primary rights" when it denied a plaintiff's claim for monetary damages after plaintiff had earlier brought suit under the California Declaratory Judgment Act and prevailed.  28 Cal. 4th 888, 894 (2002).  The court affirmed that the second suit was barred under the doctrine of *res judicata* because it arose from the "same injury," which in that case was a breach of a licensing agreement.  *Id.* at 905.  Notably, the court rejected plaintiff's "continuing breach" theory, finding that both suits were based on the same breach of a single covenant."  *Id.* at 895-909.  *See also Ellis v. SmithKline Beecham Corp.*, 363 F. App'x 481, 482 (9th Cir. 2010) (holding dismissal of a *pro se* employee's action was proper because the earlier action between the parties resulted in a final judgment on the merits concerning claims arising out of the employment relationship).

As in *Mycogen*, Plaintiff's SAC alleges the same wrongs and injuries that formed the basis of Plaintiff's State Complaint: numerous so-called "adverse employment actions" linked to Plaintiff's role as a witness.  (*See, e.g.*, SAC at 3:26-

27; 6:27-28; 8:15-17; 9:2-5; 9:21-22; 11:7-8; 13:3-4; 13:19-20; 21:19-21; 24:19-21; State Compl., ¶¶8-9). Although Plaintiff's SAC now attempts to invoke conspiracy and assert causes of action under the ADA and FLSA, the factual allegations comprising Plaintiff's SAC ultimately fail to plead anything beyond the "adverse employment actions" alleged in his State Action." (*See, e.g.*, **Part III.B.5**.) Because Plaintiff alleges identical "adverse" actions in both pleadings, Plaintiff's purported "injuries" in both pleadings are identical as well. Plaintiff's State Action alleges that Plaintiff suffered physical and emotional injuries, as well as lost income (*see, e.g.*, State Compl., ¶¶ 14-16); and Plaintiff's SAC alleges the same (*see, e.g.*, SAC, 22:9-10; 22:21-21; 23:5-6; 24:8-9).

In the State Action, the Los Angeles Superior Court considered the same primary rights alleged to have been violated in the instant SAC, and ruled on those claims. (*See* Order Granting LAWA's MSA at 2:6-8; Am. Order Granting LAWA's MSA at 2:1-2.) As such, Plaintiff's failure to plead specific federal causes of action in his State Complaint does not affect the application of *res judicata* in the case at bar. Plaintiff's attempts to re-plead allegations pertaining to LAWA's retaliation in the SAC are therefore barred under the doctrine of *res judicata*, and should be dismissed.

## V.    THE SAC SHOULD BE DISMISSED UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A.    PLAINTIFF'S UNENUMARATED CLAIMS OF FRAUD AND CONSPIRACY BETWEEN AND/OR AMONG LAWA, ATTORNEYS, AND OTHER ALLEGED CONSPIRATORS MUST FAIL BECAUSE PLAINTIFF DOES NOT PLEAD FACTS WITH SUFFICIENT PARTICULARITY

"[M]ere allegations of fraud, corruption or conspiracy, averments to conditions of mind, or referrals to plans and schemes are too conclusory to satisfy the particularity requirement, no matter how many times such accusations are

- 14 -

1   repeated." *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985).  Statements

2   concerning "the time, place and nature of the alleged fraudulent activities are

3   sufficient, [while] mere conclusory allegations of fraud are insufficient." *Moore v.*

4   *Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  The

5   particularity requirement stands even when fraud is not a necessary element of the

6   claim.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003)

7   ("In some cases, the plaintiff may allege a unified course of fraudulent conduct and

8   rely entirely on that course of conduct as the basis of a claim. In that event, the

9   claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of

10  that claim as a whole must satisfy the particularity requirement of Rule 9(b)."); *see*

11  *also Hill v. Opus Corp.*, 841 F. Supp. 2d 1070, 1088 (C.D. Cal. 2011) (discussing

12  Rule 9(b)'s heightened pleading requirements).

13      Here, the underlying theme of Plaintiff's SAC is a sweeping conspiracy

14  among various "perpetrators" to carry out retaliatory actions in response to

15  Plaintiff's activity as a witness.  (*See, e.g.*, SAC at 5:10-11; 9:25-27.)  Meanwhile,

16  Plaintiff's SAC intermittently refers to "false accusations" and "false confession,"

17  but never explains what these are.  (*See, e.g.*, SAC at 15:13; 20:15.)  As discussed

18  in **Part III.B.5**, *supra*, the SAC often refers to alleged wrongdoers and perpetrators

19  interchangeably, without clearly stating which allegations refer to LAWA and

20  which refer to non-LAWA attorneys and/or various other alleged unnamed

21  "perpetrators."  (*See, e.g.*, SAC at 9:25-27; 9:14; 12:22; 13:10; 13:27; 14:5-6.)

22  Further, Plaintiff's SAC often alludes to LAWA's "induc[ing], authorize[ing]

23  and/or finance[ing] retaliatory actions, but provides no factual details to support the

24  alleged involvement.  (*See, e.g.*, SAC at 13:6-7.)  Thus, because these conspiracy

25  allegations are governed by the pleading standards of Federal Rule of Civil

26  Procedure Rule 8, and the heightened pleading standards of Rule 9(b), Plaintiff's

27  SAC must fail.  Additionally, Plaintiff's SAC fails to state a claim against LAWA

28  under any of its enumerated causes of action.

### B.   PLAINTIFF FAILS TO STATE SUFFICIENT FACTS TO SUPPORT HIS FIRST CAUSE OF ACTION AGAINST LAWA FOR VIOLATION OF 18 U.S.C. § 245(b)(5)

Plaintiff's first cause of action alleges LAWA violated "Federally Protected Activities, 18 U.S.C. § 245(b)(5)."  (SAC 21:18.)  This statute carries a penalty of fine or imprisonment and does not confer a private cause of action.  18 U.S.C. § 245.

### C.   PLAINTIFF FAILS TO STATE SUFFICIENT FACTS TO SUPPORT HIS SECOND, THIRD, AND FIFTH CAUSES OF ACTION AGAINST LAWA FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff's SAC fails to plead the elements of an ADA claim, which require Plaintiff to establish he: (1) is an "employee" (not an independent contractor); (2) has a "disability"; (3) is a "qualified individual" capable of performing the essential functions of the job either with or without reasonable accommodation; and (4) was unlawfully discriminated against because of his disability.  *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996).

Plaintiff's second cause of action refers to "LAWA refus[al] to abide by the Deputy City Attorney's rulings to accommodate the plaintiff's right knee disability." (SAC at 22:7-8.)  Plaintiff's third cause of action states "Defendant LAWA intentionally involved in violating the federal law to inflict damages on the plaintiff, coercing him to follow unethical and illegal instructions."  (SAC at 22:18-19.)  Plaintiff's fifth cause of action states "LAWA, intentionally and repeatedly got involved in the four prohibited actions in the provision to retaliate and discriminate against [Plaintiff] [sic]." (SAC at 23:13-15.)

Plaintiff's SAC alleges no facts to suggest LAWA retaliated or discriminated against him because of a disability.  (SAC ¶¶ 31-32; ¶ 34.)  In fact, the SAC repeatedly attributes all "adverse employment actions" to Plaintiff's witness activity.  (*See, e.g.*, SAC at 3:26-27; 6:27-28; 8:15-17; 9:2-5; 9:21-22; 11:7-8; 13:3-

- 16 -

4; 13:19-20; 18:6-27; 21:19-21; 24:19-21.)  A motion to dismiss should be granted where an affirmative defense or other bar to relief is apparent from the facts alleged in the complaint.  *See Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001). Moreover, any alleged adverse actions <u>occurring in 2011 would have preceded, and thus be barred by the preclusive effect of Plaintiff's State Action adjudication in 2013</u>.  (*See, e.g.*, SAC at 18:15-27.)  Thus, to the extent <u>any</u> retaliation claims can be construed from these causes of action, such claims would again be barred under the doctrine of *res judicata*.  (*See* **Part IV**, *supra*.)

### D.   PLAINTIFF FAILS TO STATE SUFFICIENT FACTS TO SUPPORT HIS FOURTH CAUSE OF ACTION AGAINST LAWA UNDER THE FAIR LABOR STANDARDS ACT

Plaintiff's fourth cause of action invokes "the Fair Labor Standards Act 29 CFR § 778.415 and § 207."  (FAC at 48:4.)  The FLSA mandates employees will be compensated at one and one-half times their regular rate of pay for all hours worked over forty in a work week.  29 U.S.C. § 207(a)(1).  A cause of action for unpaid overtime under the FLSA ordinarily must be commenced <u>within two years</u> after the cause of action accrues; however, the statute of limitations is extended to <u>three years</u> for a cause of action that arises out of a "willful violation." 29. U.S.C. § 255(a).  To show a willful violation, the employee must prove "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S. Ct. 1677, 1681, 100 L. Ed. 2d 115 (1988).

Plaintiff fails to allege any dates to plead timeliness under the FLSA, though it refers generally to Plaintiff working "in excess of 80 hours per week."  (SAC at 23:2.)  Elsewhere in his SAC, Plaintiff refers to working "excessive crazy hours," but fails to plead any corresponding dates.  (SAC at 8:19-20.)  In fact, Plaintiff's limited reference to dates throughout his SAC refer to his being placed on administrative leave from September 26, 2013 to January 7, 2014, during which

- 17 -

1    time Plaintiff could not have been working at all.  (*See, e.g.*, SAC at 12:9-10.)

2    Thus, the timeliness of Plaintiff's claim is undermined by the face of his pleading,

3    and Plaintiff fails to plead any facts to suggest willfulness.  *See, e.g.*, *McLaughlin*,

4    486 U.S. 128, 135, 108 S. Ct. 1677, 1682, 100 L. Ed. 2d 115 (1988) (upholding the

5    two-year FLSA statute of limitations and requirements for a showing of

6    willfulness).  In fact, Plaintiff's allegations refer to various <u>non-LAWA</u> persons and

7    entities performing many different acts allegedly relating to his complaints

8    regarding pay and excessive hours. (*See generally* **Part III.B.5**.)  Thus, it is not

9    clear <u>to what or to whom</u> Plaintiff is referring with respect to any FLSA-related

10    allegations, and the Court should again dismiss Plaintiff's FLSA claim against

11    LAWA.

### E.    PLAINTIFF FAILS TO STATE SUFFICIENT FACTS TO SUPPORT HIS SIXTH CAUSE OF ACTION AGAINST LAWA FOR VIOLATING THE UNITED STATES CONSTITUTION AND A "HUMAN RIGHTS RULING"

15    Plaintiff's sixth cause of action refers generally to "fair trial in both Civil and

16    administrative procedures," but fails to cite to any specific law that has been

17    violated.  (SAC at 23:22-24:9.)  Instead, Plaintiff cites to the entire United States

18    Constitution.  (*See, e.g.*, SAC at 23:23.)

19    A document filed *pro se* is "to be liberally construed," and "a *pro*

20    *se* complaint, however inartfully pleaded, must be held to less stringent standards

21    than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94,

22    127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).  However, "a liberal interpretation of a

23    [pro se] civil rights complaint may not supply essential elements of the claim that

24    were not initially pleaded.  Vague and conclusory allegations of official

25    participation in civil rights violations are not sufficient to withstand a motion to

26    dismiss." *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992) (internal citations and

27    quotations omitted).  It is impossible to discern what Plaintiff is alleging by citing

the entire Constitution.  Thus, the Court should grant the motion to dismiss this cause of action.

## VI.   PLAINTIFF VIOLATED SEVERAL COURT ADMONITIONS

Plaintiff's <u>25-page</u> SAC exceeds the <u>15-page</u> limit set by the Court.  (*See* August 14, 2014 Order at 2:9.)   <u>Accordingly, LAWA respectfully requests the Court disregard the SAC's pleadings beyond page 15</u>.

Notwithstanding its excess verbiage, Plaintiff's SAC still fails to cure the substantive defects in his two earlier pleadings and should be dismissed for the same reasons previously set forth by this Court.  (*See* June 3, 2014 Order at 3-5; August 28, 2014 Order at Part 1.)  The only identifiable change in the SAC is an allegation of "torture" brought under the entire U.S. Constitution.  (*See, e.g.*, SAC at 5:10-11; 23:22-23:9)  This makes Plaintiff's legal theories against LAWA <u>less</u>, not more, "judicious and selective."  (August 28, 2014 Order at 2:11.)

Additionally, the SAC violates other applicable rules.  Local Rule 15-2 states that every amended pleading "shall be complete including exhibits" and "shall not refer to the prior, superseded pleading."  L.R. 15-2.  The SAC violates this rule by referring to and/or addressing Plaintiff's prior pleadings, LAWA's prior responsive pleadings, Plaintiff's parallel action in Federal District Court, and this Court's prior orders. (*See, e.g.*, SAC at 3:24-26; 4:15; 4:21-22; 4:25.)  Additionally, Plaintiff appears to be under the impression he can amend his pleadings indefinitely.  For example, Plaintiff asks the Court to subpoena certain individuals as a supplement to his pleadings.  (*See, e.g.*, SAC at 5:13-14; 5:18-24; 9:25-27; 15:19-21.)

In sum, Plaintiff is repeatedly re-filing the same conclusory allegations from his State Action without any regard for Court Orders, Local Rules, or the Federal Rules of Civil Procedure (particularly Rule 8).  Plaintiff's pleadings are cumulative, duplicative, burdensome, and harassing.  LAWA respectfully asks the Court to dismiss Plaintiff's SAC without further leave to amend.

**VII.   <u>CONCLUSION</u>**

Plaintiff has already had his day in the Los Angeles Superior Court, and the great majority, if not all, of the allegations in the SAC should be barred under the doctrine of *res judicata*.  To the extent anything is left, Plaintiff fails to state a claim.  For the foregoing reasons, LAWA respectfully requests the Court dismiss Plaintiff's SAC in its entirety, without any further leave to amend, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated:  November 12, 2014              **VANDERFORD & RUIZ, LLP**

                                          By:    */s/ Kristina R. Sherry*
                                                 Ty S. Vanderford
                                                 Rodolfo F. Ruiz
                                                 Kristina R. Sherry
                                                 Attorneys for Defendant LOS ANGELES
                                                 WORLD AIRPORTS

**PROOF OF SERVICE**

*Saif Khorshed v. Gina Marie Lindsey, et al-USDC Case No.: CV14-2655 MRW*

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 221 E. Walnut Street, Suite 106, Pasadena, CA 91101.  On November 12, 2014, I served a copy of the within document(s) entitled:

**DEFENDANT LOS ANGELES WORLD AIRPORTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF SAIF KHORSHED'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

☒　　by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Pasadena, California addressed as set forth below.

Saif Khorshed, *In Pro Per*
750 South Spaulding Avenue, #113
Los Angeles, CA 90036
T: (323) 938-5888

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  Executed on November 12, 2014, at Pasadena, California.


*/s/ Kristina R. Sherry*
Kristina R. Sherry

- 21 -