FILED

2014 NOV 26 PM 3: 35

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

SAIF KHORSHED
750 SOUTH SPAULDING AVENUE #113
LOS ANGELES CA 90036
323-938-5888
PLAINTIFF IN PRO PER

UNITED STATES DISTRICT COURT
GENERAL DISTRICT OF CALIFORNIA

**Saif Khorshed**

**Vs**

**Los Angeles World Airports (LAWA)**

**and DOES 1 through 10, inclusive,**

**Defendants**

**Case No.: CV14- 2655 MRW**

**PLAINTIFF'S REPLY TO LAWA'S MOTION AND THE REQUEST FOR JUDICIAL NOTICE.**

*(PLAINTIFF'S REPLY INCLUDES ANALYSIS AND MEMORANDUM OF POINTS AND AUTHORITIES THAT SUPPORT THE MOTION OF DOCUMENTS' EXISTENCE. THE MOTION PROVIDED THE PROOF OF PUBLIC RECORDS' EXISTENCE. THE JUDICAL NOTICE WOULD BE LIMITED TO THE DOCUMENTS' EXISTENCE).*

**Date: December 17, 2014**

**Time: 9:30 a.m.**

**Crtr: H**

**Honorable Judge: Michael Wilner**

**I, Saif Khorshed, declare as follows:**

**I am the plaintiff in the above-entitled case.**

**I have personal knowledge of the following facts, and, if called as a witness, I could and would competently testify thereto.**

**1- <u>My entire motion is declared under oath. The plaintiff takes full responsibility of the following sincere and truthful pleadings. Plaintiff is also declare under oath that in his pleadings is not providing the court with conclusion, inferences and input that can be considered protected under the litigation privileges or freedom of speech.</u>**

# <u>I- Introduction</u>

2. Defendant LAWA's recent violations to intimidate plaintiff and coerce him ***<u>in order not</u>*** to seek justice, analyzing the motion to dismiss provided the reasons for LAWA's threats and coercion.

3. LAWA' s pleadings consist of six deceiving Sections and numerous non factual details. LAWA's pleadings are based on abuse of process, missteps of procedures and non-factual details. Eventually, LAWA's pleadings fail to constitute legal or factual ground to argue plaintiff's meritorious complaint and claims. I am providing my legal and factual analysis for the court's consideration and evaluation.

4. Plaintiff cannot determine whether the violations are intentional or unintentional. Short of LAWA's instability, I cannot contribute LAWA's deceiving pleadings to any other reason. The characteristics of LAWA's pleadings in section I through section VI are as follows:

a. The Federal Rules of Civil Procedures are supposed to be reasonable and clear. However, LAWA's pleadings are confusing, inconsistent and provide wrong applications of rules/ authorities. Using improper civil procedures cannot

constitute the motion's legal ground. Providing non factual statements cannot constitute the motion's factual merit.

b. LAWA's pleadings reflect domination of the procedures over the substances of the plaintiff's complaints and claims.

c. The federal civil procedural system guarantees that the merits of my complaints/ claims are protected from LAWA's pleadings procedural missteps and protected from the pleadings' intention to deceive the plaintiff. In addition, LAWA's pleadings are referring to varieties of authorities that are not similar to plaintiff's complaint. There are rules for the stare decisis. The pleadings bypassed all the proper requirements

d. I am sure the court's analysis and ruling to implement justice, would be protecting the merits and substances of my complaint from LAWA's violations.

5. **LAWA's pleadings consist of the following deceiving strategies, misleading maneuverings and fishing for inapplicable provisions and authorities.**

**Memorandum of Points and Authorities**

**I – Introduction.**

**The pleadings in section I of LAWA's *introduction* are *providing the court with two* contradictory points as if they are citation points.**

- **Plaintiff has prior attempt to seek justice and Appeal.**
- **The prior attempt failed and can constitute res judicata.**

**II – Standards for the motion to dismiss**

**The pleadings in section II are providing the court with inapplicable and improper rules. Both RULE (12)(b) series and res judicata doctrine are recited excessively**

**A. Rule (12)(b)(6)**

**B. RULE (8)(a)(2)**

**C. Rule (9)(b)**

**D. Res judicata doctrine is in support only of Rule 12(b)(6).**

**III – Statement of Facts**

**The pleadings in Section III are providing the court with deceiving statements, false input and intentional lies. E.g, LAWA is aware that plaintiff never initiated an APPEAL. However, in section III item A, the Appeal is mentioned. E.g. the false outdated pleadings as in section III B #5**

**A. Dismissal of Plaintiff State Action and Appeal**

**B. Plaintiff numerous Federal pleadings to date**

1. **Original complaint.**
2. **Dismissal of plaintiff FAC.**
3. **Plaintiff SAC fail to comply with this Court order.**
4. **Plaintiff related Federal case.**
5. **Talk about conspiracy theory.**
6. **Adverse employment action (alleged repeatedly).**

**IV – Causes of action are barred under the doctrine of res judicata. Federal Courts apply California Law.. etc.**

**LAWA's pleadings in section IV are providing the court with repeated abuse of process , deceiving strategy, misleading maneuvering, missteps, and intentional lies. The defense team is aware that lies are within my control. However, the Item A and item B in the pleadings are intentional abuse of process that cannot be tolerated. The pleadings are referring to the inapplicable res judicata as basis for another inapplicable and improper primary rights rule. The motions pleadings are full of non-factual and deceiving statements to accuse me of invoking the primary rights rule. In addition, the pleadings repeatedly are referring to contradictory points as if they are citation authorities or citation provisions as in items below.**

1. **Res judicata based on a primary right theory.**
2. **Claims that could have been brought are likewise barred again.**

**A. Plaintiff SAC invokes primary rights as his State action and his claims could have been brought in his State Court action.**

**B. Plaintiff SAC invokes the same primary rights as his State action and his claim could have been brought in his State action.**

**V- The SAC should be dismissed under Rule 12(b)(6)**

**The pleadings are providing the court with abuse of process rule 12(b)(6) or the res judicata are intentional deceiving that cannot be tolerated. In addition, the pleadings are providing the court with lies and wrong information that are within the plaintiff's control, as in the items and subsection below.**

**A. Plaintiff fails to state sufficient facts to support his First cause of action.**

**B. Plaintiff fails to state sufficient facts to support his Second, third, and fifth causes of action against LAWA for violation of the American with Disability Act.**

**C. Plaintiff fails to state sufficient facts to support to fourth cause of action under the Federal Labor Standard.**

**D. Plaintiff fails to state sufficient facts to support his sixth cause of action against LAWA for violating the US Constitution and Human Rights Ruling.**

**VI – Plaintiff violated several court admonitions.**

**The pleadings are providing the court with deceiving non-factual and false accusations. Plaintiff is sharing with the court the details in the preliminary statement below.**

## Plaintiff preliminary statement

**6.** I cannot tolerate the unfair accusation and lies. The deceiving pleadings regarding my religious belief and principals/morals in Sec VI of LAWA's pleadings are integrated part of LAWA's violations.

I am always proud to say, "Judge's ruling is written in stone". I am sure that LAWA's group is aware of the facts. The deceiving pleadings are unjustifiable.

**7. Plaintiff has unlimited trust and confidence in the Federal Court justice.**

I grew up and matured with the religious belief that Judges are protected by God. Judges establish the balance of power (regardless of the people's rank or authority, all are equal in front of the Judge). Judges are God's children to implement His almighty justice on Earth.

**8.** I have unlimited contention for acts of God. LAWA's inflicted damages and my suffering are acts of God (from my perspective).

If I ask for compensation I will be challenging the act of God. Mr. Ruiz' pleadings in court are intentional lies. Stating that I am asking compensation for

psychological damages and for everything, this kind of pleadings cannot be provided by a professional. I cannot control LAWA's pleadings, violations or adverse. However, I can seek the revenge of justice.

**9.** I am respectfully pleading to Judge Michael Wilner to order LAWA to stop the violations against the victim, in particular the false pleadings in court and the excessive threats and harassment.

Nobody can tolerate the unfair illegal actions and violations. e.g. the illegal action of evaluating my mental capacity. if LAWA is to seek court order before inflicting any of the retaliatory actions or violations, plaintiff wouldn't be victim of the retaliation and the discriminatory harassment.

**10.** The analysis diagram LAWA's pleadings are bringing to the attention all the illegal punishment that LAWA is still inflicting in particular the coercion, the threats, the interference and the intimidation.

I recently brought to the court's attention Rule 26 motion , that prove some of LAWA's violations. Punishing plaintiff while he is seeking the federal justice should be stopped.

**11- LAWA is** aware that I provide direct and indirect evidences, in addition to my legally obtained supporting documents. However, defendant LAWA's pleadings in that regard in the introduction failed to constitute legal or factual ground to support the res judicata.The rule is mentioned excessively in the motion as stand-alone reason for dismissal or as in support of Rule 12(b)(6) to dismiss. LAWA's pleadings are based on improper use of civil legal procedures and improper provisions applications are severe abuse to the process.

**12-** The pleadings blatantly and repeatedly are denying LAWA's adverse employment actions. LAWA's pleadings that deny the adverse actions failed to constitute legal or factual ground to support the denial. The defense team can collect all the needed documents that support my claims from next door LAWA

records. This will be faster than waiting for the plaintiff to bring the supporting documents to the court.

**13-** In different sections of LAWA's pleadings, **the term "Appeal" or "lost Appeal"** . My argument in that regard is limited to stating that the court possess the authority to verify that I never initiated and I never authorized Mr. Ruiz or Mr. Avrahamy to initiate an Appeal on my behalf. LAWA's deceiving pleadings would be exposed.

**14-** LAWA's pleadings are requesting to apply State of California Ruling of the State Court Action. The legal concept is right. However the application is wrong. The pleadings fail to establish the legal and factual requirement of the res judicata doctrine. The pleadings are requesting from the Federal Court to apply the State Action before proving that the State Action is applicable.

**15-** The deceiving pleadings over and over are reciting Rule 12(b)(6) fail to constitute legal or factual grounds. Using the improper rules or applications is abuse of process. Basically, the deceiving pleadings are in violation of the Federal Civil Procedures and process in an unethical attempt " to right a wrong" and victimize the plaintiff again.

## STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES

### LAWA's motion provided the following deceiving pleadings and abuse of process as legal ground and factual reasons to dismiss the plaintiff's meritorious complaint and claims

**16- Defendant LAWA's *motion to dismiss* is *not a motion to dismiss*. LAWA's pleadings in the motion are to prove the existence of public records, the statutory provisions and/or authorities. LAWA's request for judicial**

**notice is legally valid. However, the judicial notice is limited only to the fact of the public record existence.**

a. LAWA's pleadings in all the numerous motions to dismiss, including this motion, are fishing for each and all rules to dismiss Plaintiff's meritorious complaint and claims. Starting with service of procedures all the way to Rule 12(b)(6) and the res judicata. LAWA's pleadings in today's motion to dismiss are bankrupted of any other rule to dismiss. LAWA's pleadings are reciting res judicata doctrine and Rule 12(b)(6), are clear example for abuse of process in LAWA's motion to dismiss

b. Defendant LAWA's pleadings provided the Court with the proof of the existence of public records, such as the State Court case. Neither Plaintiff nor the Court denied the existence of the State Court Actions documents. There is no legal ground or factual reasons for providing the proof of the existence of public record documents.

c. <u>Defendant LAWA's pleadings regarding the public record documents are deceiving because LAWA is entitled to judicial notice. However, such a notice is limited to the fact of the documents' existence, not the accuracy, not in support of LAWA's misleading pleadings.</u>

**17-. LAWA's pleadings excessively recited "failure to state a claim for which relief can be granted" illegally applying Rule 12(b)(6) as legal reason to dismiss plaintiff's complaint (LAWA is familiar with my documented facts and evidences).**

From the Court's perspective and from the previous authorities I am providing the following for the court's consideration and evaluation

**A.** "The general rule in appraising the sufficiency of a complaint for failure to state a claim is that a complaint should not be dismissed '***unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief.' CONLEY VS. GIBSON (1957), 355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2LEd 2d 80; SEYMOUR VS. UNION NEWS COMPANY, 7 Cir., 1954, 217 F.2d 168; and see rule 54c, demand for judgment, FEDERAL RULES OF CIVIL PROCEDURE, 28 USCA: "***every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." U.S. V. WHITE COUNTY BRIDGE COMMISSION (1960), 2 Fr Serv 2d 107, 275 F2d 529, 535.

**B.** "A complaint may not be dismissed on motion if it states some sort of claim, baseless though it may eventually prove to be, and inartistically as the complaint may be drawn. Therefore, under our rules, the plaintiff's allegations that he is suing in 'criminal libel' should not be literally construed. [3] The complaint is hard to understand but this, with nothing more, should not bring about a dismissal of the complaint, particularly is this true where a defendant is not represented by counsel, and in view of rule 8{f} of the rules of civil procedure, 28 U.S.C., which requires that all pleadings shall be construed as to do substantial justice BURT VS. CITY OF NEW YORK, 2Cir., (1946) 156 F.2d 791. Accordingly, the complaint will not be dismissed for insufficiency. [4,5] Since the Federal Courts are courts of limited jurisdiction, a plaintiff must always show in his complaint the grounds upon which that jurisdiction depends." STEIN VS. BROTHERHOOD OF PAINTERS, DECORATORS, AND PAPER HANGERS OF AMERICA, DCCDJ (1950), 11 F.R.D. 153.

**18- LAWA's pleadings provided the res judicata doctrine as legal and factual ground to dismiss plaintiff's complaint, either as the "res judicata" stand alone or as supporting to Rule (12)(b)(6).**

The pleadings failed to constitute the legal and factual merits of the res judicata application. I am providing the following for the court's consideration and

evaluation to prove that LAWA's pleadings are based on deceiving maneuverings, abuse of process and non factual statements.

**Absence of the factual requirements and the legal requirements.**

The most "factual" of all res judicata's requirements is that the party against whom preclusion is sought must have had a full and fair opportunity to litigate the issue or claim in the first act. The Restatement (Second) of Judgments provides several examples where a party may not have had a full and fair opportunity to litigate: "(O)ne party may conceal from the other information that would materially affect the outcome of the case..."

**19- Without regard or consideration to any of the following injustice and discriminatory harassment, LAWA pleadings of the res judicata are lacking the legal requirements.**

**a.** LAWA's interference in the State Court Action.

**b.** Denying me the right for a fair trial.

**c.** Mr. Avrahamy intentional damaging effect of entering the six causes of actions under the wrong codes and intentionally did not move to correct the codes.

**d.** Denying me the discovery.

**e.** Mr. Avrahamy intentionally hold from the State Court all the direct and indirect evidences and documents without regards to his reasons and motive.

**f.** LAWA's false accusations were not argued by Mr. Avrahamy and never call witnesses.

**g.** Mr. Avrahamy and LAWA's illegal and unethical actions are documented in the State Court records.

**Should LAWA did not get involved in the retaliation, discriminatory harassment, torture, coercion, threats, intimidation and the repeated**

**intentional violation of the federal provisions, I would not seek the Federal Court justice.**

The misleading and maneuvering pleadings reflect the wrong assumption that I am relitigating any previous courts' action.

**20-** None of the three elements to apply the doctrine of res judicata is satisfied. According to LAWA's pleadings, the Sate Court approved and authorized the wrongful termination, the retaliatory reprimand, the false accusations, reversing the Deputy City Attorney ruling to accommodate and treat my work related disability, violating the federal provision and authorize the retaliation against the witness, authorize civil rights violations, authorize three months house arrest and eighteen months of psychological torture. Basically, LAWA's pleadings in that regard are not only meritless but also lacking the common sense and the basic logic. The attorneys should act as professional to receive the court's professional courtesy and trustful relationship.

**21- LAWA's motion provided unrelated authorities.**

Defendant LAWA's pleadings provided the court with a list of non-pertinent authorities, which only prove the existence of those authorities. The defense team pleadings fail to prove the similarity, the relevance or any other factors that relate all the "stare decisis" to the plaintiff's meritorious complaint.

- LAWA's pleadings in regard to the res judicata are assuming that the State Court is able to predict future LAWA's different violations that took place after more than a year of the State Court Action. In addition, LAWA is assuming that the State Court issued LAWA indulgency that allow LAWA to violate the federal law and plaintiffs rights without being accused of doing the plaintiff wrong, or carry the civil liability of torturing the plaintiff for eighteen months. LAWA's pleadings and actions are going backward to the inquisition time. Interestingly, LAWA's legal team is destroying justice.

**22**-LAWA's pleadings are missteps of civil procedures and abuse of process to prove that justice is not about facts and substances. LAWA is contradicting the federal civil procedures. LAWA's pleadings fail in citation of authorities and the practice of reading and studying, production of references to legal authorities. The proper citation of authorities can be made from the constitutions, status, reported cases, the treatises, legal textbooks, law review articles, briefs, or the like to establish the propositions advanced. LAWA's pleadings fail to assist the Court in implementing justice. LAWA's pleadings replace the real citation of authorities by misleading maneuvering to destroy justice.

**23**- LAWA's pleadings failed to provide legal ground for alleging that plaintiff can prove "no set of facts" sufficient to entitle him for the relief. On the contrary, my pleadings established "sets of facts" under which I am entitle to "relief". "My sets of facts" are carefully devised. I excluded the facts that, **at this time**, I cannot provide beyond doubt supporting evidences for them. Plaintiff only provided the court with his beyond doubt "sets of facts" and I possess the legally obtained supporting evidences for them.

**24**-LAWA's pleadings fail to provide legal or factual merit to support the argument that the Plaintiff cannot document his complaint with one single example. Without knowing which documents LAWA needs, I have in my possession the supporting documents of all my complaint and claims.

**25**-Defendant LAWA's pleadings are beating the dead horse in thirteen violations to the res judicata doctrine. I am sure that the old experiences LAWA's team members are familiar with the proper applications.

**26**- Justice is about facts and substances. Pleadings based on missteps, intentional lies, confusion, conclusions, denials, inferences and abuse of process, would not constitute legal or factual ground to argue plaintiff's meritorious complaint and claims.

**27**- I never provide the court with unsupported facts. In addition, I provide all my pleadings in under oath declaration taking full responsibility of my entire pleadings.

**28** - All my documents and evidences <u>to this court</u> are generated from the following sources:

a. Employer LAWA official documents.

b. Public record documents.

c. The perpetrators' documented communications, actions, and or legal of illegal instructions.

d. The Federal EEOC documented communications and actions. In addition, The Department of Justice Employer Litigation Division communications, directives and guidelines.

e. The Bar Association and the Medical Board communications and investigations.

In my second amended complaint, I only refer to the civil liability based on LAWA's intentional infliction of damages and violating the federal provisions. However, LAWA's deceiving pleadings are referring to criminal violation.

**29**- the motion fail to provide legal ground or factual reasons to justify LAWA's involvements in the recent threats and coercion. In addition, to the never ending intentional discriminatory harassment, retaliation, intimidation, coercion, threats and interference to illegally punish plaintiff. <u>**These violations took place after the conclusion of the State Court Action. However the deceiving pleadings are referring to the State Action under the res judicata rule.**</u>

## <u>Conclusion</u>

**30-** The ups and downs of fate are affecting LAWA Senior Management and the legal group as well. The Changes in management and the changes in the legal

group either by termination, replacing or adding resulted in new violations to the law and intentional infliction of damages on the plaintiff. Either by the threats and coercion or by providing the court with deceiving and improper pleadings.

**31-** Plaintiff does believe in justice. LAWA's violations of the law to intimidate plaintiff and coerce him while he is seeking justice is not recognized as legal or ethical strategy. In addition, the deceiving pleadings fail to constitute legal or factual ground do dismiss plaintiff's complaint.

**32-** I feel secure while I am under the Federal Court's protection. I have legal and moral obligation to share with His Honor Judge Michael Wilner that seeking justice in the Federal Court from LAWA's perspective is an act of a fool or mentally incapacitated. I am harassed to go through psychological evaluation without committing criminal act or got involved in wrongdoing. My life is limited to study the law and seek justice. Most of my time is trying to get the results of unbiased authorities investigation to provide the court with additional direct evidences for seeking justice.

**I declare under penalty of perjury that the foregoing is true and correct. Executed on November 26, 2014 in Los Angeles, California.**

Dated: November 26, 2014

------------------------------

By: Saif Khorshed

Plaintiff in Pro Per