UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2655 MRW | Date | January 15, 2015 |
|---|---|---|---|
| Title | Khorshed v. Lindsey | | |

| Present: The Honorable | Michael R. Wilner | |
|---|---|---|
| Veronica McKamie | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| None present | | None present |

**Proceedings:**  (IN CHAMBERS) ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND

The defense moved to dismiss the Second Amended Complaint in this civil action. (Docket # 53.) The Court previously dismissed the action against two individual defendants. The remaining defendant is Plaintiff's former employer, Los Angeles World Airports (LAWA). The Court also previously dismissed a complaint against LAWA, but allowed Plaintiff one more opportunity to try to plead a legitimate and understandable claim for relief.

The Court concludes that Plaintiff failed to do so. The Second Amended Complaint repeats (with no significant or relevant modification) Plaintiff's previous allegations. The Court also takes notice that another judge of this Court recently dismissed a similar action that Plaintiff brought regarding related employment issues. (Khorshed v. Adams, CV 14-3435 GW (JPRx) (C.D. Cal. 2014) (Docket # 66).) Tellingly, District Judge Wu dismissed the other action without leave to amend further. (Docket # 68.)

Given the procedural history of this action and that of the parallel case, a detailed recitation of the facts of the action or the governing legal standards is not necessary. Plaintiff's lengthy Second Amended Complaint[1] asserts numerous claims against LAWA involving allegedly retaliatory conduct by the employer and fanciful assertions of conspiracy involving the lawyers (including Plaintiff's) in his state employment case.

---

[1]  Plaintiff failed to adhere to the Court's clear requirement that he limit himself to 15 pages of text to set forth his claims. (Docket # 43.) Instead, he repeated the gist of his previous allegations in a 25-page pleading.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-2655 MRW | Date | January 15, 2015 |
|---|---|---|---|
| Title | Khorshed v. Lindsey | | |

There are two key reasons why Plaintiff's Second Amended Complaint is susceptible to dismissal. First, even though the Court is required to "liberally construe" the allegations of a pro se litigant, a pro se litigant is required, in turn, to comply with the orders of this Court. United States v. Merrill, 746 F.2d 458, 465 (9th Cir. 1984) (pro se litigant "is subject to the same rules of procedure and evidence" as other parties "who are represented by counsel"). The Court directed Plaintiff – an educated, literate, former engineer who clearly has the intellectual ability to understand and follow the Court's instructions – to pare down his claims to their essence. Rather than comply with that suggestion, Plaintiff recycled his broad and rambling claims from previous iterations of the complaint. The Court discerns no significant change in the core allegations of the Second Amended Complaint. As a result, the Court's previous explanations regarding Plaintiff's failure to properly state a claim under Rules 8 and 12 are equally applicable to the present version.

Secondly, the Second Amended Complaint clearly and improperly seeks to relitigate employment-related issues that Plaintiff presented in the state superior court. Whether viewed through the prism of a res judicata / primary-right analysis (City of Martinez v. Texaco Trading & Trans., Inc., 353 F.3d 758 (9th Cir. 2003)) or a federal court's deference to the state judicial process (Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)), Plaintiff fails to convincingly explain how the Second Amended Complaint is anything other than an attempt to relitigate his state employment case. Plaintiff had his day in court with LAWA in the state court system. The negative outcome of that case does not entitle him to continue to pursue his employer in federal court. Plaintiff's cursory references to the ADA, the FLSA, federal criminal statutes, and the "Inter American Court of Human Rights" (SAC at 23) are thin devices to avoid this obvious conclusion.

Plaintiff has had three opportunities to attempt to plead a plausible federal civil claim against his employers – six, if you include the case in Judge Wu's court. Based on his inability to properly plead any claim, the Court finds no purpose would be served in allowing Plaintiff to have another chance. For the reasons set forth above, in its previous rulings, at the hearing conducted last summer, and in Judge Wu's dismissal order, the Court GRANTS the motion to dismiss the Second Amended Complaint WITHOUT LEAVE to amend.